IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RENAND VILJEAN,

    Plaintiff,

vs.                                        Case No. 4:14cv209-MW/CAS

CAROLYN W. COLVIN, (ACTING)
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

                                             /

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this case on April 23, 2014. Doc. 1. Plaintiff filed a complaint, doc. 1, a civil cover sheet, doc. 3, and a motion for in forma pauperis status, doc. 2. While it appears that good cause exists to grant the motion for leave to proceed in forma pauperis, doc. 3, ruling on the motion should await transfer to the proper Court.

The complaint, doc. 1, has been filed on the complaint form used in the Southern District of Florida. Doc. 1 at 1. Plaintiff's address is in West Palm Beach, Florida, and the "complaint" indicates that Plaintiff seeks review of an administrative agency decision. Doc. 1. Plaintiff provided an attachment to the complaint which lists all treating physicians. Doc. 1 at 4-7. It appears that all of Plaintiff's medical providers are

in the West Palm Beach area as well.  Plaintiff does not clearly state the location of the Administrative Law Judge (ALJ) but, presumably, the ALJ is also located in South Florida.  It does not appear that this case should proceed in the Northern District of Florida; jurisdiction would appear to be appropriate in the Southern District of Florida.  The relevant statute, 42 U.S.C. § 405(g), provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.  Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business, or, if he does not reside or have his principal place of business within any such judicial district, in the United States District Court for the District of Columbia.

42 U.S.C. § 405(g).  Because Plaintiff resides in West Palm Beach, this case should be transferred to the Southern District of Florida for all further proceedings.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **TRANSFERRED** to the United States District Court, Southern District of Florida, West Palm Beach Division, for all further proceedings, including ruling on the motion for in forma pauperis status.

**IN CHAMBERS** at Tallahassee, Florida, on April 29, 2014.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 4:14cv209-MW/CAS

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:14cv209-MW/CAS